**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**FILMLAB SERVICES, INC., Respondent.**

**No. 78–1052.**

United States Court of Appeals,
Sixth Circuit.

April 17, 1980.

Elliott Moore, Jay Shanklin, Deputy Associate Gen. Counsel, Michael Nicholson, N. L. R. B., Washington, D. C., Bernard Levin, Director, Region 8, N. L. R. B., Cleveland, Ohio, for petitioner.

Edward J. Simerka, Timothy Wood, Schwartz, Einhart & Simerka, Cleveland, Ohio, for respondent.

## ORDER

Before WEICK, CELEBREZZE and BROWN, Circuit Judges.

This case is before the court on petition of the National Labor Relations Board for enforcement of its order finding the respondent, Filmlab Services, Inc., in violation of §§ 8(a)(5) and (1) of the National Labor Relations Act, 29 U.S.C. §§ 158(a)(5) and (1). The Board's decision and order is reported at 232 NLRB No. 54. This court has jurisdiction over this application since the alleged unfair labor practices occurred in Cleveland, Ohio. 29 U.S.C. § 160(e).

Pursuant to a stipulation for certification upon consent election, a representational election was conducted on December 2, 1976 among the respondent's production and maintenance employees. Of approximately 30 voters, 16 voted for the union and 13 against the union. There was one undetermined challenged ballot.

On December 9, 1976, respondent filed with the regional director timely objections to the election asserting, *inter alia*, that the unions, its agents, or organizing representatives made false statements and misrepresentations of fact which impugned the integrity of the election. The regional director conducted an investigation and recommended that the objections be overruled. The respondent filed timely exceptions to the regional director's report with the Board. On March 25, 1977, the Board issued a decision adopting the regional director's recommendation and certifying the union as the exclusive bargaining representative of respondent's employees.

Subsequently, the union requested recognition from the respondent and commencement of collective bargaining. Respondent refused to bargain, again asserting the invalidity of the election.

On June 1, 1977, the regional director issued a complaint charging the respondent with violations of §§ 8(a)(5) and (1) of the Act on account of its refusal to bargain with the union. On September 26, 1977, the Board issued a decision granting General Counsel's motion for summary judgment finding the respondent had unlawfully refused to bargain with the certified bargaining representative of its employees. The Board found no reason to reconsider its previous determination that the representational election was valid. This petition for enforcement followed.

We conclude that the Board properly exercised its discretion over representational matters when it concluded that respondent's objections to the representational election did not warrant the setting aside of the election. Since the Board appropriately upheld the validity of the election, the Board's decision and order finding respondent in violation of §§ 8(a)(5) and (1) is entitled to enforcement.

Accordingly, it is ORDERED that the decision and order of the National Labor Relations Board should be, and hereby is, enforced.